IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 11-81 |
| | ) | |
| v. | ) | (18 U.S C. §§ 1343, 1349 |
| | ) | and 2) |
| PETER KAMARAS | ) | |
| SAM SHAHEEN | ) | |
| CATHERINE SLANE | ) | |

INDICTMENT

The grand jury charges

INTRODUCTION

1. At all material times to the Indictment, the defendant, PETER KAMARAS, operated Single Source Mortgage, which assisted individuals in obtaining financing collateralized by real estate.

2  At all material times to the Indictment, the defendant, SAM SHAHEEN, was an appraiser who provided appraisal services related to real estate transactions.

3. At all material times to the Indictment, the defendant, CATHERINE SLANE, was a closing agent associated with 1st Olympic Settlement who specialized in closing real estate transactions.

4. At all material times to the Indictment, an individual known to the grand jury as RG operated Triplex properties, which was in the business of buying and selling real estate

5. At all material times to the Indictment, RG contacted sellers of properties and negotiated for the purchase of their homes

6. At all material times to the Indictment, RG solicited individuals to purchase the homes that RG had agreed to purchase

7. At all material times the defendant, PETER KAMARAS, acted as the mortgage broker for transactions in which RG or an individual he solicited sought financing to purchase real estate. The defendant, PETER KAMARAS, was also the seller on one of the transactions.

8. At all material times, 1st Olympic Settlement closed the real estate transactions brokered by RG and the defendant, PETER KAMARAS.

9. At all material times, the defendant, SAM SHAHEEN, provided appraisal services related to the transactions brokered by RG and the defendant, PETER KAMARAS.

## COUNT ONE - WIRE FRAUD CONSPIRACY

The grand jury charges.

10  The allegations set forth in paragraphs one through nine of the Indictment are incorporated herein as if set forth in full.

## THE CONSPIRACY AND ITS OBJECTS

11  From in and around June 2005, and continuing thereafter until in and around July 2007, in the Western District of Pennsylvania and elsewhere, the defendants, PETER KAMARAS, SAM SHAHEEN, and CATHERINE SLANE, knowingly and willfully did conspire, combine, confederate and agree with 1ST Olympic Settlement, Single Source Mortgage, Triplex Properties, and a person known to the

Grand Jury as RG, to commit an offense against the United States, that is, Wire Fraud, in violation of Title 18, United States Code, Section 1343

MANNER AND MEANS OF THE CONSPIRACY

12   It was part of the conspiracy that, in connection with obtaining financing to purchase properties, Single Source Mortgage and the defendant, PETER KAMARAS, submitted loan applications to lenders to finance the purchase of properties that contained materially false representations related to, among other things·

(a) the incomes of the borrowers;

(b) the assets of the borrowers;

(c) the purchase prices of the property; and

(d) cash from the borrowers

13.   It was further part of the conspiracy that, in connection with obtaining financing to purchase properties, false documents were submitted to the lenders, including but not limited to the following

(a) Form W-2s and pay stubs that falsely stated the earnings of the borrower;

(b) Verifications of Deposit that overstated account balances of borrowers;

(c) Verifications of Rent that overstated the amount of rent that the borrowers were paying or that falsely reported RG as the landlord; and

(d) Gift Letters that falsely represented that an individual known to the grand jury made a gift to a borrower.

14  It was further a part of the conspiracy that, in connection with obtaining financing to purchase properties, RG deposited or caused the deposit of funds into borrowers' accounts to temporarily inflate the balances of the borrowers' account and to get documentation of the inflated balances that was submitted to lenders, all to make it falsely appear that the borrowers had sufficient assets to qualify for the loans and pay the required amount at closing

15. It was further part of the conspiracy that, in connection with obtaining financing to purchase properties, the defendant, SAM SHAHEEN, prepared appraisals that were submitted to the lenders that overstated the value of the properties and contained misrepresentations related to the following:

(a) the condition of the properties; and

(b) improvements made to the properties

16. It was further part of the conspiracy that 1st Olympic Settlement and the defendant, CATHERINE SLANE, prepared and caused the preparation of settlement statements that contained fraudulent entries, including but not limited to, entries related to the following·

(a) cash from borrowers;

(b) second mortgages,

(c) seller assist, and

(d) sales prices.

17   It was further part of the conspiracy that 1st Olympic Settlement wire transferred funds to Triplex Properties that RG then used to obtain funds that were falsely represented to the lenders as the borrowers' funds.

18   It was further a part of the conspiracy that 1st Olympic Settlement and the defendant, CATHERINE SLANE, conducted fraudulent real estate closings in that, pursuant to the settlement statements, 1st Olympic Settlement was to receive funds from the borrowers in order to close the real estate transactions and distribute the lenders' funds. Despite not receiving funds from the borrowers, 1ST Olympic Settlement and the defendant, CATHERINE SLANE, closed the real estate transactions.

19   It was further a part of the conspiracy that 1st Olympic Settlement and the defendant, CATHERINE SLANE, in connection with real estate closings, distributed and caused the distribution of funds contrary to the representations to the lenders as reflected in the settlement statements

20.   It was further a part of the conspiracy that RG paid approximately $1,500 per transaction to the defendant, PETER KAMARAS, above and beyond the mortgage broker fees disclosed on the settlement statements

21. It was further a part of the conspiracy that 1st Olympic Settlement and the defendant, CATHERINE SLANE, signed settlement statements and provided them to the lenders that they then knew were fraudulent in that they reflected receipt of funds from the buyers, when no such funds were received, and they reflected a distribution of funds contrary to the actual distribution of the funds

22. It was further a part of the conspiracy that the defendant, PETER KAMARAS, executed a settlement statement as the seller of the property located at 210 North Jackson Avenue, Pittsburgh, Pennsylvania, that was fraudulent in that it falsely represented that the borrower had paid $11,675 06, when the borrower did not make any payment from his own funds.

23. It was further a part of the conspiracy that the defendants, PETER KAMARAS, SAM SHAHEEN, and CATHERINE SLANE, as was reasonably foreseeable to the defendants, submitted and caused the submission to the lenders of loan applications, appraisals, settlement statements, and other documents associated with the loans through the use of the interstate wires, in furtherance of the Wire Fraud scheme.

24. It was further a part of the conspiracy that the defendants, PETER KAMARAS, SAM SHAHEEN, and CATHERINE SLANE, as was reasonably foreseeable to the defendants, caused wire transfers from the accounts of lending institutions, located outside the

Commonwealth of Pennsylvania, to a bank account associated with 1st Olympic Settlement located in the Commonwealth of Pennsylvania, in furtherance of the Wire Fraud scheme.

All in violation of Title 18, United States Code, Section 1349

## COUNTS TWO - EIGHT

The grand jury further charges:

25. The allegations set forth in paragraphs one through nine of this Indictment are incorporated herein as if set forth in full.

### THE SCHEME AND ARTIFICE

26. From in and around June 2005, and continuing thereafter until in and around July 2007, in the Western District of Pennsylvania and elsewhere, the defendants, PETER KAMARAS, SAM SHAHEEN, and CATHERINE SLANE, 1ST Olympic Settlement, Single Source Mortgage, Triplex Properties, and a person known to the Grand Jury as RG, devised and intended to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations and promises, well knowing at the time that the pretenses, representations and promises were false and fraudulent when made.

27  It was a part of the scheme and artifice to defraud that, in connection with obtaining financing to purchase properties, Single Source Mortgage and the defendant, PETER KAMARAS, submitted loan applications to lenders to finance the purpose of properties that contained materially false representations related to, among other things:

    (a) the incomes of the borrowers;

    (b) the assets of the borrowers;

    (c) the purchase prices of the property, and

(d) cash from the borrowers

28. It was further part of the scheme and artifice to defraud that, in connection with obtaining financing to purchase properties, false documents were submitted to the lenders, including but not limited to the following:

(a) Form W-2s and pay stubs that falsely stated the earnings of the borrower;

(b) Verifications of Deposit that overstated account balances of borrowers;

(c) Verifications of Rent that overstated the amount of rent that the borrowers were paying or that falsely reported RG as the landlord; and

(d) Gift Letters that falsely represented that an individual known to the grand jury made a gift to a borrower.

29. It was further a part of the scheme and artifice to defraud that, in connection with obtaining financing to purchase properties, RG deposited or caused the deposit of funds into borrowers' accounts to temporarily inflate the balances of the borrowers' account and to get documentation of the inflated balances that was submitted to lenders, all to make it falsely appear that the borrowers had sufficient assets to qualify for the loans and pay the required amount at closing.

30. It was further part of the scheme and artifice to defraud that, in connection with obtaining financing to purchase properties, the defendant, SAM SHAHEEN, prepared appraisals that were submitted to the lenders that overstated the value of the properties and contained misrepresentations related to the following:

    (a) the condition of the properties; and

    (b) improvements made to the properties.

31. It was further part of the scheme and artifice to defraud that 1st Olympic Settlement and the defendant, CATHERINE SLANE, prepared and caused the preparation of settlement statements that contained fraudulent entries, including but not limited to, entries related to the following:

    (a) cash from borrowers;

    (b) second mortgages;

    (c) seller assist; and

    (d) sales prices.

32. It was further part of the scheme and artifice to defraud that 1st Olympic Settlement wire transferred funds to Triplex Properties that RG then used to obtain funds that were falsely represented to the lenders as the borrowers' funds.

33. It was further a part of the scheme and artifice to defraud that 1st Olympic Settlement and the defendant, CATHERINE SLANE, conducted fraudulent real estate closings in that, pursuant

to the settlement statements, 1st Olympic Settlement was to receive funds from the borrowers in order to close the real estate transactions and distribute the lenders' funds. Despite not receiving funds from the borrowers, 1ST Olympic Settlement and the defendant, CATHERINE SLANE, closed the real estate transactions.

34   It was further a part of the scheme and artifice to defraud that 1st Olympic Settlement and the defendant, CATHERINE SLANE, in connection with real estate closings, distributed and caused the distribution of funds contrary to the representations to the lenders as reflected in the settlement statements.

35.  It was further a part of the scheme and artifice to defraud that 1st Olympic Settlement and the defendant, CATHERINE SLANE, signed settlement statements and provided them to the lenders that she then knew were fraudulent in that they reflected receipt of funds from the buyers, when no such funds were received, and they reflected a distribution of funds contrary to the actual distribution of the funds.

36.  It was further a part of the scheme and artifice to defraud that RG paid approximately $1,500 per transaction to the defendant, PETER KAMARAS, above and beyond the mortgage broker fees disclosed on the settlement statements.

37   It was further a part of the scheme and artifice to defraud that the defendant, PETER KAMARAS, executed a settlement statement as the seller of the property located at 210 North

Jackson Avenue, Pittsburgh, Pennsylvania, that was fraudulent in that it falsely represented that the borrower had paid $11,675.06, when the borrower did not make any payment from her own funds.

### THE WIRE COMMUNICATIONS

The grand jury further charges:

38. On or about the dates set forth below, in the Western District of Pennsylvania, the defendants set forth below, for the purpose of executing and attempting to execute the scheme and artifice to defraud, did transmit and cause to be transmitted in interstate commerce, by means of a wire communication, the following signs and signals, each such interstate wire transmission representing a separate count:

| Defendant | Count | Date | Description of Wire |
|---|---|---|---|
| CATHERINE SLANE | Two | 4/12/2006 | Facsimile of closing instructions sent from outside the Commonwealth of Pennsylvania to the 1st Olympic Settlement located in the Western District of Pennsylvania related to the property located at 170 Allegheny Avenue, Pittsburgh, Pennsylvania |
| SAM SHAHEEN | Three | 5/22/2006 | Wire transfer of approximately $66,050.58 from the account of a lending institution known to the grand jury located outside the Commonwealth Pennsylvania to National City Bank account of 1st Olympic Settlement located in the Western District of Pennsylvania related to the property located at 511 Giffin Avenue, Pittsburgh, Pennsylvania |

| Defendant | Count | Date | Description of Wire |
|---|---|---|---|
| PETER KAMARAS<br><br>SAM SHAHEEN | Four | 5/31/2006 | Wire transfer of approximately $102,589.39 from the account of a lending institution known to the grand jury located outside the Commonwealth Pennsylvania to National City Bank account of 1st Olympic Settlement located in the Western District of Pennsylvania related to the property located at 210 North Jackson Avenue, Pittsburgh, Pennsylvania |
| SAM SHAHEEN<br><br>CATHERINE SLANE | Five | 6/26/2006 | Wire transfer of approximately $52,352.66 from the account of a lending institution known to the grand jury located outside the Commonwealth Pennsylvania to National City Bank account of 1st Olympic Settlement located in the Western District of Pennsylvania related to the property located at 234 Copeland Avenue, Braddock, Pennsylvania |
| SAM SHAHEEN | Six | 7/19/2006 | Wire transfer of approximately $87,225.06 from the account of a lending institution known to the grand jury located outside the Commonwealth Pennsylvania to National City Bank account of 1st Olympic Settlement located in the Western District of Pennsylvania related to the property located at 4114 Cloverlea Street, Pittsburgh, Pennsylvania |

| Defendant(s) | Count | Date | Description of Wire |
|---|---|---|---|
| SAM SHAHEEN<br><br>CATHERINE SLANE | Seven | 10/6/2006 | Wire transfer of approximately $52,316.56 from the account of a lending institution known to the grand jury located outside the Commonwealth Pennsylvania to the National City Bank account of 1st Olympic Settlement located in the Western District of Pennsylvania related to the property located at 90 Frazier Avenue, Pittsburgh, Pennsylvania |
| SAM SHAHEEN<br><br>CATHERINE SLANE | Eight | 6/22/2007 | Wire transfer of approximately $47,849.64 from the account of a lending institution known to the grand jury located outside the Commonwealth Pennsylvania to National City Bank account of 1st Olympic Settlement located in the Western District of Pennsylvania related to the property located at 233 Moore Avenue, Pittsburgh, Pennsylvania |

All in violation of Title 18, United States Code, Sections 1343 and 2.

A True Bill,

_____
FOREPERSON

_____
DAVID J. HICKTON
United States Attorney
PA ID No. 34524